# Hoffman *v.* Gemehl, Appellant.

*Contract—Sales—Oral agreement—Secret discount—Evidence— Cashbook entries—Book not in evidence—Striking out evidence— Charge of court—Comment on failure to produce evidence.*

1. In an action to recover a balance on sale of automobiles, defendant set up an oral agreement wherein plaintiff, as an inducement to the purchase, agreed to pay defendant a secret discount of three per cent on the price. To establish this, defendant's bookkeeper testified that he had made an entry in the cashbook of such payment of three per cent, but that he had not the book in court. On motion the testimony as to the entry in the book was stricken from the record, but the evidence as to the fact that a book existed as a cashbook and that entry was made therein was not stricken out. *Held,* that the court committed no error in commenting on this matter in its charge as follows: "When a matter is referred to [by a witness] which is pertinent and relevant and valuable evidence, if the evidence is not produced in court to corroborate the statement of the witness, the jury have a right to question in their mind whether or not the book or the paper or the bit of evidence would corroborate the witness, if it was produced in court. There is no explanation of why the book is not here, and the defendant ought to have explained it. Therefore, to my mind, the evidence to the effect that an entry was made in the book is of very little value."

2. In such a case, while the corroborating evidence was cumulative, it was, nevertheless, important, material and convincing, if true. If the book had been produced in court, showing an entry, it would have been strong evidence in support of the oral inducement made at or about the time the cash payment was alleged to have been placed in this book of many daily transactions. The difficulty in fraudulently making up a book of this kind would lend strength to the truth of the entry. The observation in the charge was perfectly proper. It did not attempt to destroy or weaken the material fact of the defense, namely, the existence of the inducing oral agreement.

3. It is not similar to a case where defendant had sufficiently met plaintiff's case, and no good reason existed for further elaboration of his defense by calling other witnesses or producing other evidence, and the court erroneously comments on the want of, or failure to produce, such further evidence in support of what had already been sufficiently proven, thereby leading the jury to believe the failure to call the witnesses was decisive of the case, without considering whether the matters already before the jury were sufficient to meet plaintiff's case, regardless of the absence of the witnesses.

Argued January 8, 1920.  Appeal, No. 39, Jan. T., 1920, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1918, No. 426, on verdict for plaintiff in case of Benjamin F. Hoffman v. Camille Gemehl, trading as American Taxicab Company and also trading as American Garage and Machine Shop.  Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Assumpsit for balance alleged to be due for automobiles and parts thereof sold to defendant.  Before FERGUSON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,809.31.  Defendant appealed.

*Error assigned* was the portion of the charge quoted in the opinion of the Supreme Court.

*George Douglas Hay,* with him *B. Gordon Bromley,* for appellant.—The charge of the court with reference to the nonproduction of defendant's cashbook was misleading and reversible error: Hasson v. Klee, 168 Pa. 510; Geiser Mfg. Co. v. Frankford Twp., 40 Pa. Superior Ct. 97; Lubin Mfg. Co. v. Swaab, 240 Pa. 182; Hall v. Vanderpool, 156 Pa. 152; Green v. Brooks, 215 Pa. 492; Nat. Bank of Coatesville v. Palmer, 56 Pa. Superior Ct. 82; McCall v. Barnheart, 2 Watts 112.

Defendant produced the best and sufficient evidence of part payment; a cashbook with or without the entry would represent evidence but cumulative and of little value: Williamsport v. Citizens Water & Gas Co., 232 Pa. 249; American Mfg. Co. v. S. Morgan Smith Co., 33 Pa. Superior Ct. 469; Hall Co. v. Weaver, 206 Pa. 87; Lee Markee v. Reyburn, 258 Pa. 280; Osterling v. Allegheny N. Co., 260 Pa. 68.

*George J. Edwards, Jr.,* for appellee, was not heard.

OPINION BY MR. JUSTICE KEPHART, March 8, 1920:

On this appeal our consideration is limited to the single question raised by a part of the charge of the court. The action was assumpsit to recover a balance remaining unpaid for automobiles and parts sold to appellant. The defense, as applicable to the question involved, set up an oral agreement, wherein plaintiff, as an inducement to the purchase, agreed to pay defendant a secret discount of three per cent on the sale price. To corroborate the fact that the oral agreement had been made, appellant offered proof to show that appellee had paid in cash $53.55 as a secret discount on the first three cars, and an entry in the cashbook of the receipt of this sum. The bookkeeper and another witness so testified, but the book was not offered in evidence. The bookkeeper thus describes the transaction: "Q. What is the nature of the entry that you made? A. Three per cent commission on three Ford cars......Q. Have you the

book here? A. I haven't the book here." On motion of counsel for plaintiff the testimony as to the entry on the book was stricken from the record. As affecting this corroborating circumstance, the court charged the jury as follows: "When a matter is referred to [by a witness] which is pertinent and relevant and valuable evidence, if that evidence is not produced in court to corroborate the statements of witnesses, the jury have a right to question in their mind whether or not the book or the paper or the bit of evidence would corroborate the witnesses if it was produced in court. There is no explanation of why the book is not here, and the defendant ought to have explained it. Therefore, to my mind, the evidence to the effect that an entry was made in the book is of very little value." This is assigned as error.

The evidence as to the fact that a book existed as a cashbook and that an entry was made therein, was not stricken from the record; only the evidence as to the manner, or form, in which the entry appeared. While this corroborating evidence was cumulative, it was, nevertheless, important, material and convincing, if true. If the book had been produced in court, showing an entry, it would have been strong evidence in support of the oral inducement made at or about the time the cash payment was alleged to have been placed in this book of many daily transactions. The difficulty in fraudulently making up a book of this kind would lend strength to the truth of the entry. The observation in the charge of the learned judge was perfectly proper. It did not attempt to destroy or weaken the material fact of the defense, namely, the existence of the inducing oral agreement.

It is not similar to a case where the defendant had sufficiently met the plaintiff's case, and no good reason existed for further elaboration of his defense by calling other witnesses or producing other evidence, and the court erroneously comments on the want of, or failure to produce, such further evidence in support of what had

already been sufficiently proven, thereby leading the jury to believe the failure to call the witnesses was decisive of the case, without considering whether the matters already before the jury were sufficient to meet the plaintiff's case, regardless of the absence of the witnesses.

By the instruction in this case, the jury was not prevented from deciding, because of the absence of the book, the salient points of the defense. This item of corroboration, the entry in the book, they were told, was entitled to little weight if the defense did not see fit to produce the book containing it. The other corroborating circumstances as to the inducing agreement were left undisturbed. The court thus instructed the jury: "The defendant offered as additional evidence the fact...... that the plaintiff paid $53.55 in cash as three per cent commission on the first three cars. If he did that that would be strongly corroborative of the evidence that he made the promise," and similar comment was made on the cash register receipt dated February 2d evidencing this payment.

After a careful review, we are entirely satisfied no error was committed.

The judgment is affirmed.